IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,                            PLAINTIFF,

vs.                                                                      CASE NO. CR24-203-RAW

KYLE WAYNE HUDGINS,                                    DEFENDANT.

### MOTION TO DISMISS COUNT ONE

Comes now the Defendant, KYLE WAYNE HUDGINS, and for his motion to dismiss count one (1) of his indictment pursuant to *F.R.Crim. Pro, Rule 12(b)(3)(B)(v)* sets forth the following;

1. That count one of the indictment charges the Defendant with a violation of *Title 18 U.S.C. 922(g)(9),* wherein it is a felony when a person, who has been convicted of a misdemeanor domestic abuse - assault and battery thereby becoming a prohibited person and thus not being legally able to possess a firearm under federal law, possesses a firearm.

2. That the indictment alleges the Defendant has one domestic violence conviction, McCurtain County, CM-2004-330.  That the Defendant was 18 years old at that time. That it occurred on June 15, 2004. That a conviction in that case was entered on August 6, 2004. This is the domestic abuse case that is pled in the indictment for the predicate charge for the instant firearm felony.

3. That thereafter on August 6, 2004, the defendant received a suspended sentence on that charge. The defendant also on August 6, 2004 received concurrent sentences with McCurtain County cases, CM-2004-209 and CM-204-330.

1

4. That the definition of a domestic assault and battery for purposes of *922(g)(9)* is found at *18 U.S.C. 921(33(A-C))*. Sub-paragraph *C* is the part that is applicable herein. The pertinent text is as follows:

" . . . Provided in the case of a person who has not more than 1 conviction of a misdemeanor crime of domestic violence against an individual in a dating relationship, and is not otherwise prohibited under this chapter, the person shall not be disqualified from shipping, transport, possession, receipt, or purchase of a firearm under this chapter if 5 years have elapsed from the later of the judgment of conviction or the completion of the custodial or supervisory sentence, if any, and the person has not subsequently been convicted of another such offense, a misdemeanor under federal, state, tribal or local law which has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, or any other offense that would disqualify the person under *922(g).* . . "

5. That Count 1 charges a domestic Abuse as the predicate crime to make the defendant a prohibited person and not legally able to possess a firearm. That the conviction date for the domestic abuse conviction is August 6, 2004. That under the aforesaid *18 U.S.C. 921 (33(A-C)),* after five years from the date of conviction, a conviction for domestic abuse no longer makes a person a prohibited person from possessing firearms.

6. That Count 1 does not plead facts sufficient to state an offense and should be dismissed.

WHEREFORE premises considered, the Defendant, KYLE WAYNE HUDGINS, prays that the court upon hearing this motion dismiss Count 1 of the indictment.

KYLE WAYNE HUDGINS , DEFENDANT

GOTCHER AND BEAVER
POST OFFICE BOX 160
MCALESTER, OKLAHOMA 74502
(918) 423-0412
Warren@gotcher-beaver.com
ATTORNEYS FOR DEFENDANT

S/ Warren Gotcher
OBA#3495


**CERTIFICATE OF SERVICE**


I hereby certify that on this 30th day of December, 2024, I electronically transmitted the attached document to the Clerk of the Court using ECF System for filing.   Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Dak Cohen