IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,                PLAINTIFF,

vs.                                 CASE NO. CR24-203-RAW

KYLE WAYNE HUDGINS,              DEFENDANT.

### BRIEF IN SUPPORT OF MOTION TO DISMISS COUNT ONE

Comes now the Defendant, KYLE WAYNE HUDGINS, and for his brief in support of his motion to dismiss count one (1) of his indictment sets forth the following;

*F.R.Crim.Pro, Rule 12(b)(3)(B)(v)* sets forth the following;

"The following defenses, objections and requests must be raised by pretrial motions if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits: , , ,

(B) a defect in the indictment or information, including: . . .

(v) failure to state an offense."

The indictment is based upon an alleged violation of *18 U.S.C. 922(g)(9)* wherein it provides that it is unlawful for a person who has been convicted of a misdemeanor crime of domestic violence to posses a firearm.

Congress has defined words under *Chapter 44 - Firearms*. Those definitions are found in *18 U.S.C. 921*. Subparagraph *33 (A-C)* therein defines misdemeanor crime of domestic violence. The important part of subparagraph *33C* provides the following;

1

" . . . Provided in the case of a person who has not more than 1 conviction of a misdemeanor crime of domestic violence against an individual in a dating relationship, and is not otherwise prohibited under this chapter, the person shall not be disqualified from shipping, transport, possession, receipt, or purchase of a firearm under this chapter if 5 years have elapsed from the later of the judgment of conviction or the completion of the custodial or supervisory sentence, if any, and the person has not subsequently been convicted of another such offense, a misdemeanor under federal, state, tribal or local law which has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, or any other offense that would disqualify the person under *922(g). . .* "

The indictment only alleges a misdemeanor conviction for domestic violence with the conviction occurring in 2004. The indictment was filed December 11, 2024, some twenty years after the conviction for misdemeanor violence. Under this pleading, the indictment fails to state an offense. Under the definition of a crime of domestic violence if five years has elapsed, barring some other incident, a misdemeanor conviction for domestic violence doe not disqualify a person form possessing a firearm. Certainly by the indictment 5 years has passed, and by the allegations in the indictment, the defendant is not a prohibited person. Being a prohibited person is an element of any 922(g) violation. *Tenth Circuit Pattern Jury Instructions and Comment, 2.44*

The motion to dismiss count 1 should be granted.

THEREFORE based upon the above argument and authorities, Count 1 should be dismissed.

KYLE WAYNE HUDGINS , DEFENDANT

GOTCHER AND BEAVER
POST OFFICE BOX 160
MCALESTER, OKLAHOMA 74502
(918) 423-0412
Warren@gotcher-beaver.com
ATTORNEYS FOR DEFENDANT

S/ Warren Gotcher
OBA#3495

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of December, 2024, I electronically transmitted the attached document to the Clerk of the Court using ECF System for filing.   Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Dak Cohen

S/Warren Gotcher
Warren Gotcher