**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| *Plaintiff,* | |
| **v.** | **Case No. 24-CR-203-RAW** |
| **KYLE WAYNE HUDGINS,** | |
| *Defendant.* | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS COUNT ONE [Dkt. Nos. 38 & 39] and MOTION
TO DISMISS COUNT FOUR [Dkt. Nos. 40 & 41]**

COMES NOW, the United States of America, by and through United States Attorney Christopher J. Wilson, and Assistant United States Attorney Dak T. Cohen, and hereby opposes Defendant's Motion to Dismiss Count One (Dkt. 38 & 39) and Defendant's Motion to Dismiss Count Four (Dkt. 40 & 41) (collectively, "the Motions"). For the reasons set forth below, the Motions should be denied.

## I.      PROCEDURAL HISTORY

On November 19, 2024, the defendant, Kyle Wayne Hudgens, was charged by complaint with Attempt to Commit Murder in Indian Country in violation of 18 U.S.C. §§ 1113, 1151, and 1153. Dkt. 1.

On December 11, 2024, a grand jury returned a four-count Indictment, charging the defendant with Prohibited Person in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(9) & 924(a)(8) (Count One); Attempted Robbery in Indian Country in violation of 18 U.S.C. §§ 2111, 1151, and 1153 (Count Two); Assault with Intent to Commit a Felony in Indian Country in violation of 18 U.S.C. §§113(a)(2), 1151, and 1153 (Count Three); and Eluding a Peace Officer in

a Manner as to Endanger any Other Person in Indian Country in violation of 18 U.S.C. §§ 13, 1151, 1152, and Title 21 O.S. §540A(A) & 540A(B). Dkt. 24. The defendant is in custody pending trial. Dkt. 21.

On December 31, 2024, the defendant filed the Motions.

## II.    **ARGUMENT**

**A.    The Defendant's Right to Possess a Firearm was Never Restored**

The defendant is charged in Count One with Prohibited Person in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(8). This statute, in relevant part, makes it unlawful for a person who has been "convicted in any court of a misdemeanor crime of domestic violence" to "possess in or affecting commerce, any firearm or ammunition." As alleged in the Indictment, on August 6, 2004, the defendant pleaded guilty and was convicted of Domestic Abuse – Assault and Battery in McCurtain County District Court Case No. CM-2004-00330. In his motion the defendant appears to concede that he has been convicted of a misdemeanor crime of domestic violence. Nevertheless, he contends, based on an inaccurate reading of the statute, that his right to possess a firearm was restored because his misdemeanor domestic violence conviction is more than five years old. The defendant is wrong and his motion as to Count One should be denied.

"Misdemeanor crime of domestic violence" is defined at 18 U.S.C. § 921(a)(33) and includes the crime for which the defendant was previously convicted, Domestic Abuse – Assault and Battery.  Subsection (a)(33) further provides, in relevant part:

> A person shall not be considered to have been convicted of a misdemeanor crime of domestic violence against an individual in a dating relationship for purposes of this chapter if the conviction has been expunged or set aside, or is an offense for which the person has been pardoned or has had firearm rights restored unless the expungement, pardon, or restoration of rights expressly provides that the person

may not ship, transport, possess, or receive firearms: *Provided*, That, in the case of a person who has not more than 1 conviction of a misdemeanor crime of domestic violence against an individual in a dating relationship, and is not otherwise prohibited under this chapter, the person shall no be disqualified from shipping, transport, possession, receipt, or purchase of a firearm under this chapter if 5 years have elapsed from the later of the judgment of conviction or the completion of the person's custodial or supervisory sentence, if any, and the person has no subsequently been conviction of another such offense, a misdemeanor under Federal, State, Tribal, or local law which has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, or any other offense that would disqualify the person under section 922(g). … **Restoration under this subparagraph is not available for a current or former spouse, parent, or guardian of the victim, a person with whom the victim shares a child in common, a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or a person similarly situated to a spouse, parent, or guardian of the victim.**

18 U.S.C. § 921(a)(33)(C), emphasis added.

The victim of the defendant's 2004 Domestic Abuse – Assault and Battery conviction was his intimate partner, J.H. After the 2004 conviction, J.H. gave birth to the defendant's children and has remained the defendant's intimate partner. J.H. testified to these facts at the defendant's December 11, 2024 detention hearing. J.H. further testified that she and the defendant are cohabiting with their children, in a position similarly situated to a spouse.

When interpreting a statute, one follows the statutory cannon that the starting point is the language of the statute itself. Absent a clearly expressed legislative intention to the contrary, the language must ordinarily be regarded as conclusive. *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980). Here, based on a plain reading of the statute, because the defendant (1) was and remains an intimate partner (a person similarly situated to a spouse) of the victim of his misdemeanor domestic violence conviction; (2) is a person with whom the victim shares a child; and (3) is a person who is cohabiting with the victim as an intimate partner (a person similarly situated to a spouse), restoration of his right to possess a firearm under Subsection

3

(a)(33)(C) is not available. The defendant's possession of the two firearms on or about November 18, 2024, was therefore unlawful, and the defendant's motion as to Count One should be denied.

**B.    The Oklahoma State Crime of Eluding a Peace Officer is Properly Assimilated Under 18 U.S.C. §§ 13(a)**

The defendant is charged in Count Four with Eluding a Peace Officer in a Manner as to Endanger Any Other Person in Indian Country in violation of 18 U.S.C. §§ 13, 1151, & 1152, and 21 O.S. § 540A(A) & 540A(B).[1] The Indictment properly assimilates this Oklahoma state crime because the defendant is an Indian (something he does not appear to dispute in his motion), the crime took place within a "federal enclave" (Indian country, which the defendant also does not appear to dispute), and the defendant's charged conduct is not otherwise covered by a federal statute.

1.    *The Assimilative Crimes Act Applies to Crimes Committed in Indian Country*

The Assimilative Crimes Act (ACA) make applicable on federal enclaves certain criminal laws of the state in which the enclave is located. The ACA is codified at 18 U.S.C. § 13(a), and states in relevant part:

> Whoever within or upon any of the places now existing or hereafter reserved or acquired as provided in section 7 of this title … is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State … in which such place is situated … shall be guilty of a like offense and subject to a like punishment.

18 U.S.C. § 7(3) defines "special maritime and territorial jurisdiction of the United States" to include, "[a]ny lands reserved or acquired for the use of the United States, and under the

---

[1] The defendant's motion is based almost entirely upon his contention that he is charged, in part, under 18 U.S.C. § 1153, yet the Oklahoma state crime of eluding is not a crime listed in 18 U.S.C. § 1153. The defendant misreads the Indictment. He is charged in Count Four under 18 U.S.C. §§ 13, 1151, & 1152, and 21 O.S. § 540A(A) & 540A(B), not 18 U.S.C. § 1153.

exclusive or concurrent jurisdiction thereof…" This definition encompasses Indian country. *United States v. Pino*, 606 F.2d 908, 915 (10th Cir. 1979) ("[t]he [ACA] reaches activities on Indian reservations since such areas are "reserved or acquired for the use of the United States, and under the exclusive or concurrent jurisdiction thereof"), citing *Williams v. United States*, 327 U.S. 711, 713 (1946) (holding that the ACA applies to Indian reservations). Similarly, the General Crimes Act provides in relevant part, "the general laws of the United States as to the punishment of offenses committed in any place within the sole and exclusive jurisdiction of the United States … shall extend to the Indian country." 18 U.S.C. § 1152.

The Tenth Circuit has thus consistently held that the ACA reaches activities on Indian reservations. *See*, *e.g.*, *United States v. Polk*, 61 F.4th 1277, 1279 (10th Cir. 2023) (citing *United States v. Langford*, 641 F.3d 1195, 1197 (10th Cir. 2011) (explaining that, "in conjunction," the ACA and 18 U.S.C. § 1152 "(1) assimilate state criminal law into federal law" for acts committed on federal enclaves and "(2) apply these assimilated state crimes to acts committed in Indian country"); *Pino*, 606 F.2d at 915 (in a case involving the crime of involuntary manslaughter by automobile while in Indian country, the ACA "assimilates state traffic laws and others into federal enclave law in order 'to fill in the gaps in the Federal Criminal Code, where no action of Congress has been taken to define the missing offense'"); *United States v. Jones*, 921 F.3d 932, 935 (10th Cir. 2019) ("[i]n short, for nonfederal crimes committed by Indians on tribal land, federal law incorporates state criminal law").

More recently, the Tenth Circuit (in an unpublished opinion) held that the Oklahoma state crime of Eluding a Peace Officer in a Manner as to Endanger Any Other Person in Indian Country under O.S. § 540A(B) was appropriately assimilated under the ACA, both for purposes of charging and sentencing. *United States v. Ruiz*, 2024 WL 3718046, *1 (10th Cir. Aug. 8, 2024).

5

Accordingly, crimes committed within Indian country that are not otherwise accounted for in the federal code, like eluding, can be assimilated pursuant to the ACA.

2. *The Indictment Correctly States a Claim for the Oklahoma State Felony of Eluding a Peace Officer Pursuant to 18 U.S.C. §§ 13, 1151, and 1152, and O.S. §§ 540A(A) and 540A(B)*

Count Four alleges that the defendant, an Indian, within the Eastern District of Oklahoma, in Indian country, "did willfully elude and attempt to elude a peace officer by willfully increasing the speed of his vehicle and driving at a high rate of speed in such a manner as to endanger any other person after receiving a visual and audible signal, a red light and a siren, from the peace officer, driving a clearly identified official police vehicle, directing the Defendant to bring his vehicle to a stop." Dkt. 24.

There is no federal law that punishes this conduct, as the defendant appears to concede. Therefore, "the ACA steps in and generates a federal offense using the laws of the state in which the relevant reservation is located. *Polk*, 61 F.4th at 1279. Here, to fill in the gap, the United States "borrow[ed] state law" to bolster the "federal criminal law that applies on federal enclaves," which is the "basic purpose" of the ACA. *See, Lewis v. United* States, 523 U.S. 155, 160 (1998); *Jones*, 921 F.3d at 935. Because this crime occurred within the boundaries of the Choctaw Nation, within the Eastern District of Oklahoma and in Indian country, the most analogous state law is O.S. §§ 540A(A) and 540A(B) – Eluding a Peace Officer in a Manner as to Endanger Any Other Person, which is a felony.

Accordingly, the Indictment properly "borrowed" the Oklahoma state eluding law, and the defendant's motion as to Count Four should be denied.

6

### III.    CONCLUSION

For the foregoing reasons, the Motions should be denied.

Respectfully submitted,

CHRISTOPHER J. WILSON
United States Attorney

s/    Dak T. Cohen
DAK T. COHEN TX Bar #24120769
Assistant United States Attorney
520 Denison Ave.
Muskogee, OK 74401
(918) 684-5100
Dak.Cohen@usdoj.gov

### CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2025, I electronically transmitted the attached documents to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrant:

Paul Warren Gotcher, Counsel for Defendant

s/    Dak T. Cohen
DAK T. COHEN
Assistant United States Attorney