IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,                    PLAINTIFF,


vs.                                                              CASE NO. CR24-203-RAW


KYLE WAYNE HUDGINS,                           DEFENDANT.

**REPLY TO RESPONSE OF GOVERNMENT
TO  MOTION TO DISMISS COUNT ONE**

Comes now the Defendant, KYLE WAYNE HUDGINS, and for his reply to the government's response to  his motion to dismiss count one (1) of his indictment sets forth the following;

1. The government states on page 3 of its response the following; "**After the 2004 conviction**, J.H. (The victim in the 2004 misdemeanor conviction at bar) gave birth to the defendant's children and has remained the defendant 's intimate partner."  (Emphasis ours.) It would be pointed out that there is no allegations of these facts in Count 1 of the indictment. Strictly speaking without such allegation under the law as expressed in *18 U.S. C. 921(33C)*, Count I does not state facts to show a crime as set forth in the original motion and brief. In any event,  the government's instant interpretation of the definition of a prohibited person in the case at bar is an unconstitutional application of *18 U.S.C. 921(33)( C)*.

2. The aforesaid *subdivision C* defines a prohibited person as a person who has ". . . "not more than 1 conviction of a misdemeanor crime of domestic violence against an individual in a dating relationship, and is not otherwise prohibited under this chapter, the person shall not be disqualified from . . . possession . . . of a firearm under this chapter if 5 years have elapsed from

1

the later of the conviction or the completion of the person's custodial or supervisory sentence, if any, and the person has not subsequently been convicted of another such offense, a misdemeanor under Federal, State Tribal, or local law which has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, or any other offense that would disqualify the person under *922(g)* . . . " The government justifies its belief that the defendant is a prohibited person by asserting that the victim in this case later moved in with the defendant and had a child with the defendant . This moving in with the defendant and having a child all occurred after the instant misdemeanor conviction that the government relies upon for its charges.

The aforesaid *Subsection C* does have the language as follows;"Restoration under this paragraph is not available for a current or former spouse, parent or guardian of the victim, a person who shares a child in common with the defendant, a person who is cohabitating with or has cohabitated with victim as a spouse, parent, or guardian, or a person similarly situated to a spouse, parent or guardian of the victim." *Subsection C* also mandates that the national background check be updated to reflect the status of the person.

3. That **the subsequent** moving in with the defendant and/or having a child of the defendant is an unconstitutional application of *Section C*. The Constitution of the United States has an Ex Post Facto Clause. *U.S. Const. Art. I, sec. 9.* The heart of the Ex Post Facto Clause is that it bars application of a law that changes the punishment, and inflicts a greater punishment, that the law annexed to the crime when committed. *Johnson v. United States*, 529 U.S. 694 (2000). In this argument of the government, it is clear that when the crime was charged and a conviction resulted, the victim was not the current or former spouse of the victim, did not have a

child with the defendant, was not cohabitating or had been cohabitating with the defendant or was similarly situated to a spouse. While extraneous evidence may not be appropriate in a motion to dismiss for failure to state a crime, the victim at the time of the criminal action and conviction was a girl of 16 years of age that was living with her parents and brother and who had dated the victim in the past. [1]The victim broke up with the defendant because her parents did not want her to date him. Clearly the victim at the time of the offense and conviction was not in any category that would prevent the defendant from not being a prohibited person afer five years.

To allow the government to use subsequent actions and relationships clearly violates the Ex Post Facto Clause of the Constitution. A greater punishment occurs under the government's theory, i.e., being a lifetime prohibited person instead of a five year prohibited person. Taking the government's position to the most absurd conclusion, a person is convicted of a misdemeanor domestic assault in 1996, when the misdemeanor domestic assault became a predicate for a prohibited person under *922g*. The person was just in a dating relationship with the victim. Five years passed and the defendant under the law is not a prohibited person. The defendant has not committed any subsequent act or been convicted of something that would make the defendant a prohibited person. After fifty years, possibly at a reunion, the defendant and the victim meet again and rekindle any dating relationship and then marry and/or cohabit. Under the government's theory, the defendant, then anew, becomes a prohibited person under *922g* after fifty years! A clearer reading and Constitutional application is that if at the time of the crime of the domestic assault, any of the disqualifying factors, i.e., living together, spouse, child, et cet., are present then the misdemeanor conviction would permanently bar the defendant from

---

[1]The victim's statement to the authorities is filed under seal accompanying this reply.

possessing firearms.

4. A basic interpretive canon is that a statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant, *Corley v. United States,* 556 U.S. 303, 314 (2009). Following the dictates of this canon, it is clear that the *Subsection C* states unequivocally that in the case of a person that has only 1 misdemeanor conviction of domestic violence against an individual shall not be disqualified rom possessing a firearm if 5 years have elapsed from the judgement of conviction or the completion of incarceration or supervisory sentence. Further the statute orders that the Brady Handgun Violence Prevention Act shall be updated. That act (*34 U.S.C. 40901 et seq*) requires criminal records to be updated. If the government's reasoning of a subsequent reunited couple living together et cet., is a disqualifying event, how would the Brady Act be updated since it would be someone trying to find out the current living/family arrangement of a person convicted conceivably much earlier in time to reflect current living/family arrangements? The statutes do not contemplate that happening as criminal records are the only thing mentioned that need to be updated. Trying to construe the statute as the government suggests would force a reporting agency to the Brady Act to continually monitor the living arrangements of a defendant. Trying to construe the provisions together of *Subsection C* would not allow the interpretation of the government to prevail.

5. Since at the time of the 2004 conviction, the victim was not the spouse, not sharing a child with the defendant, not cohabiting with the defendant nor living substantially as a spouse, and in fact the victim was a young girl living at home with her parents who had broken up the couple because they did not like the defendant dating their daughter, the prohibition of *18 U.S.C*

4

*922(g)(9)* expired five years after 2004, and this count should be dismissed.

WHEREFORE premises considered, the Defendant, KYLE WAYNE HUDGINS, prays that Count 1 of the indictment be dismissed, since on its face it does not show that a crime was committed.

KYLE WAYNE HUDGINS , DEFENDANT

GOTCHER AND BEAVER
POST OFFICE BOX 160
MCALESTER, OKLAHOMA 74502
(918) 423-0412
warren@gotcher-beaver.com
ATTORNEYS FOR DEFENDANT

S/ Warren Gotcher
Warren Gotcher, OBA 3495

### CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of January, 2025, I electronically transmitted the attached document to the Clerk of the Court using ECF System for filing.   Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Dak Cohen

S/Warren Gotcher
Warren Gotcher