IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,                    PLAINTIFF,


vs.                                          CASE NO. CR24-203-RAW


KYLE WAYNE HUDGINS,                          DEFENDANT.

**SECOND MOTION TO DISMISS COUNT ONE**

Comes now the Defendant, KYLE WAYNE HUDGINS, and for his second motion to dismiss count (1) one of the indictment  sets forth the following;

1. That the First motion to dismiss count (1) one was based upon the provisions of *18 U.S.C. 921(33)( C).*

2. That the second motion to dismiss count (1) one is based upon the provisions of *18 U.S.C. 921(33)(A).*

3. That Count (1) of the Indictment alleges that the defendant knowingly possessed firearms on November 18, 2024 after having been convicted of Domestic Abuse - assault and battery, on August 6, 2004 contrary to the provisions of *18 U.S.C. 922(g)(9).*

4. That *18 U.S.C. 922(g)(9)* provides inter alia the following;

"(g) It shall be unlawful for any person —

(9) who has been convicted in any court of a **misdemeanor crime of domestic violence**, to ship . . . , or possess in or affecting commerce, any firearm or ammunition . . . which has been shipped or transported in interstate or foreign commerce." (Emphasis ours.)

This statute is contained in *Chapter 44, Title 18, U.S.C.*

1

5. That *Rule 12(b)(3)(B)(v), F.R.Crim.Pro*. provides as follows: "The following defenses, objections, and requests must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits: . . . (B) a defect in the indictment or information, including: . . . (v) failure to state an offense."

6. That the term "domestic violence" is not defined in *922(g)(9)*. However the definition of terms in Chapter 44 ---- Firearms are found in *18 U.S.C. 921*. The current definition of misdemeanor crime of domestic violence is found in *921(33)(A)*, wherein it states as follows: "Except as provided in subparagraph (B) and ( C)[1], the term "misdemeanor crime of violence" means an offense that  ---- (i) is a misdemeanor under Federal, State, Tribal, or local law; and (ii) has, as an element, the use or attempted use of physical force, or threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person with whom is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, by a person similarly situated to a spouse, parent, or guardian of the victim, or **by a person who has a current or recent former dating relationship with the victim."**  (Emphasis ours.)

5. That the above statute previously, prior to 2022, did not contain the phrase " or by a person who has a current or recent former dating relationship." That this language was added by an amendment in *Public Law 117 – 159*, June 25, 2022, *136 Stat. 1313* in *section 12005* at paragraph (a). That Public Law in addition to adding the dating relationship language, also contained at *136 Stat. 1332* the following;

" (b) NO RETROACTIVE APPLICATION. — The amendments made by subsection (a)

---

[1] Subsection C is the basis for the first motion to dismiss filed hereunder.

2

shall not apply to any conviction of a misdemeanor crime of domestic violence entered before the enactment of this act."

6. That Count (1) One of the Indictment reflects that the misdemeanor conviction of domestic abuse occurred in 2004 which far precedes *Public Law 117-159.* There is no allegation that the victim in the 2004 domestic abuse case that the victim was the spouse or former spouse of the defendant, a person who shares a child with the defendant, a person cohabiting with the defendant or cohabiting as a spouse or a person similarly situated to a spouse.  In fact the government has admitted in its response to the first motion to dismiss that the alleged victim was not cohabiting or married or had a child **at the time** of the offense with defendant.  Count (1) One does not state facts sufficient to state an offense. Count (1) One should be dismissed

WHEREFORE premises, the Defendant, KYLE WAYNE HUDGINS, moves this court to dismiss  Count (1) One of the indictment

KYLE WAYNE HUDGINS , DEFENDANT

GOTCHER AND BEAVER
POST OFFICE BOX 160
MCALESTER, OKLAHOMA 74502
(918) 423-0412
warren@gotcher-beaver.com
ATTORNEYS FOR DEFENDANT

S/ Warren Gotcher
Warren Gotcher, OBA 3495

3

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13ᵗʰ day of February, 2025, I electronically transmitted the attached document to the Clerk of the Court using ECF System for filing.   Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Dak Cohen

S/Warren Gotcher
Warren Gotcher

4