IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. CR-24-203-RAW |
| | ) |
| KYLE WAYNE HUDGINS, | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

Before the court are two motions of the defendant to dismiss Count One. The indictment (#24) in Count One charges defendant with a violation of 18 U.S.C. §922(g)(9), which makes it unlawful for someone "who has been convicted in any court of a misdemeanor crime of domestic violence" to possess, in or affecting commerce, any firearm.[1] Count One alleges that defendant possessed a firearm after a 2004 conviction for "Domestic Violence – Assault and Battery" in the District Court for McCurtain County, State of Oklahoma.

Rule 12(b)(3) of the Federal Rules of Criminal Procedure permits a defendant to challenge an indictment before trial. Where, as here, a defendant challenges the indictment

---

[1] Congress, however, defined the provision only to apply to certain individuals. At the time of the alleged predicate offense (August 6, 2004) the categories were as follows: "[A] current or former spouse, parent, or guardian of the victim . . . a person with whom the victim shares a child in common, . . . a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, [and] . . . a person similarly situated to a spouse, parent, or guardian of the victim. 18 U.S.C. §921(a)(33)(A)(ii). In 2022, the Bipartisan Safer Communities Act (BSCA) added another category of qualifying relationships: "a person who has a current or recent former dating relationship with the victim." Also added was a definition of "dating relationship." §921(a)(37)(A). These amendments do not apply to any conviction of a misdemeanor crime of domestic violence entered before June 25, 2022. BSCA §12005(b).

for "failure to state an offense" pursuant to Rule 12(b)(3)(B)(v), the court generally is bound by the factual allegations contained within the four corners of the indictment. *United States v. Stanart,* 2025 WL 525119, *1 (W.D.Okla.2025)(citations omitted).

Also in 2022, the BSCA added a special restoration provision for predicate offenses involving dating relationships. Regarding his first motion, defendant cites this provision. Title 18 U.S.C. §921(a)(33)(C), (hereinafter the "restoration provision") provides in pertinent part that a person with a single conviction of domestic violence against an individual in a dating relationship may regain his right to bear arms after five years have elapsed from the judgment of conviction or completion of sentence, "unless the person commits another crime of domestic violence, a crime of violence (whether domestic or otherwise) or another offense that disqualifies the person from possessing a firearm under §922(g)."[2] He argues that five years have passed since his conviction and therefore (the other conditions being met) he is no longer a prohibited person.

The government in response cites another portion of the same provision, which states that "[r]estoration under this subparagraph is not available for a current or former spouse, parent, or guardian of the victim, a person with whom the victim shares a child in common, a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or a person similarly situated to a spouse, parent, or guardian of the victim."

---

[2] Robert Leider, The Bipartisan Safer Communities Act: Doctrinal and Policy Problems, 49 J. Legis. 234, 246 (2023). The five-year restoration exception is only available for predicate offenses that involved a "dating relationship." It is not available if the offense involved one of the other qualifying domestic relationships. The BCSA does not address retroactivity as to §921(a)(33)(C).

The government avers: "The victim of the defendant's 2004 Domestic Abuse – Assault and Battery conviction was his intimate partner, J.H. <u>After</u> the 2004 conviction, J.H. gave birth to the defendant's children and has remained the defendant's intimate partner. J.H. testified to these facts at the defendant's December 11, 2024 detention hearing. J.H. further testified that she and the defendant are cohabiting with their children, in a position similarly situated to a spouse."³ (#46 at 3)(emphasis added).

In reply, defendant notes the word "After" and declares it unconstitutional under the Ex Post Facto Clause to apply the non-restoration provision in the case at bar. Rather, "it is clear that when the crime was charged and a conviction resulted, the victim was not the current or former spouse of the victim, did not have a child with the defendant, was not cohabiting or had been cohabiting with the defendant or was similarly situated to a spouse." (#50 at 3). "*While extraneous evidence may not be appropriate in a motion to dismiss for failure to state a crime,* the victim at the time of the criminal action and conviction was a girl of 16 years of age that was living with her parents and brother and who had dated the victim in the past." *Id,* (emphasis added).

The defendant's factual assertion after the portion of the sentence italicized by the court, leads to defendant's second motion (#58). The argument is that inasmuch (under defendant's version of the facts) as the victim and defendant in 2004 were not in a domestic relationship then specified by the statute, Count One fails to state an offense.

---

³No transcript has been provided.

3

The court is persuaded the motions must be denied at this time. "The Federal Rules of Criminal Procedure contain no analogue for summary judgment under Rule 56 of the Federal Rules of Civil Procedure." *United States v. Teston,* 730 F.Supp.3d 1142, 1155 (D.N.M.2024). Defendant has nevertheless raised serious issues which will be revisited should the defendant be convicted on Count One.

First, if the defendant's description of the relationship between the defendant and victim in 2004 is proven correct, there is an argument that the pre-BCSA definition set forth in footnote one of this order is not satisfied.[4] The government contends that the definition (even as it existed prior to the 2022 amendment) is satisfied by a finding that a person who could be deemed to be in a "dating relationship" can also be a person "similarly situated to a spouse." (#72 at 5-6.).[5] On initial consideration, this court is doubtful, but the evidence must be heard.

As to the restoration provision, under the government's assertion of facts, the <u>present</u> status of defendant and the alleged 2004 victim does appear to operate to make defendant ineligible for restoration. Defendant argues that because the present status depends on conduct after 2004, such an interpretation violates the Ex Post Facto Clause.

---

[4] The Notes on Use to the Eighth Circuit Model Criminal Jury Instructions (2024) state that "[t]he question of whether the defendant was in a qualifying domestic relationship with the victim is a question of fact for the jury." 6.18.922C. The application of the restoration provision, however, would seem to be an issue of law for the court.

[5] In *United States v. Hayes,* 555 U.S. 415 (2009), the Supreme Court held that in a prosecution of this type while the predicate misdemeanor need not identify as an element of the crime a domestic relationship between aggressor and victim, the government must prove beyond a reasonable doubt that the victim was in fact the offender's spouse or other relation specified in §921(a)(33)(A).

The court also has another similar concern: the restoration provision (added in 2022) deals with predicate offenses involving <u>dating</u> relationships. What if the trial evidence establishes that the predicate offense here involved two people in a dating relationship? After the passing of five years (i.e., in 2009) if the defendant and victim were still not in one of the 2004 statutory categories does restoration take effect 'automatically" at that time? If so, can it be "nullified" after the five year mark (evidently August 6, 2009) by subsequent conduct?

The test for applying the rule of lenity is strict in the context of ambiguity. *See United States v. Tony,* 121 F.4th 56, 69 (10th Cir.2024). The court would likely request briefing by the parties.

Finally, the parties have not addressed whether the predicate offense is a "misdemeanor crime of domestic violence" under the categorical approach. *See United States v. Castleman,* 572 U.S. 157 (2014); *Voisine v. United States,* 579 U.S. 686 (2016). Again, further briefing may be necessary.

It is the order of the court that the motions of the defendant to dismiss Count One (#38 & #58) are hereby denied.

**ORDERED THIS 18th DAY OF MARCH, 2025.**

_____
**RONALD A. WHITE
UNITED STATES DISTRICT JUDGE**