IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.  ) | Case No. 24-CR-203-RAW |
| ) | |
| KYLE WAYNE HUDGINS,  ) | |
| ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

Before the court is the motion of the defendant to dismiss Count Four of the Indictment (#40), to which the government has responded in opposition (#46) and defendant has replied (#52).

Count Four charges the defendant, an Indian, with endangering another while eluding a peace officer in Indian Country. This is an offense under Oklahoma law. *See* 21 O.S. §540A(B). Defendant first argues that eluding an officer is not a crime enumerated in 18 U.S.C. §1153 and therefore not punishable in federal court.

The court disagrees on a different legal basis. The Assimilative Crimes Act (ACA), 18 U.S.C. §13, provides federal jurisdiction over certain criminal acts committed on federal enclaves. *United States v. Shell,* 2024 WL 3455033, *2 (10th Cir.2024)(citation omitted). Sometimes no particular federal statute covers the defendant's conduct, meaning that it would not otherwise be a federal crime. *Id.* (citation omitted). Because gaps in the federal code remain, the ACA steps in and generates a federal offense using the laws of the state in

which the relevant enclave is located. *Id.* (citation omitted). Put simply, the ACA "borrows" state law to fill gaps in the federal criminal law. *Id.* (citation omitted). The ACA allows federal courts to "borrow the relevant crime from preexisting state law," thereby creating an applicable federal offense to fill the gap in the U.S. Code. *Id.* (citation omitted). Thus, the ACA performs a gap-filling function by "borrowing state law" to bolster the "federal criminal law that applies on federal enclaves[.]" *Id.* (citation omitted). Defendant argues in reply that assimilation is improper as to Count Four.

The Tenth Circuit discussed the present issue in *United States v. Harris,* 10 F.4th 1005 (10th Cir.2021). Under Supreme Court precedent, a two-step inquiry for the court is as follows: (1) is the defendant's act or omission made punishable by any enactment of Congress. If not, then the state statute may be assimilated. If the answer is "yes," the court must ask (2) whether the federal statutes that apply to the "act or omission" preclude application of the state law in question, say, because its application would interfere with the achievement of a federal policy, because the state law would effectively rewrite an offense definition that Congress carefully considered, or because federal statutes reveal an intent to occupy so much of a field as would exclude use of the particular state statute at issue. *Id.* at 1010-1011 (quoting *Lewis United States,* 523 U.S. 155, 164 (1998)). This court concludes that the answer to the first question is "no."

As to the first question, defendant asserts: "While the Congress has not specifically passed a law that criminalizes eluding an officer and endangering other persons, it has

provided for a punishment for a similar action in the United States Sentencing Guidelines." (citing §3C1.2 U.S.S.G.) (#52 at 2). This court has found no authority in which the Sentencing Guidelines were applied in this way under the ACA. Federal statutes define whether an act or omission constitutes a criminal offense, but the Guidelines do not. Moreover, the Guidelines are only advisory in nature. *See Booker v. United States,* 543 U.S. 220 (2005). Thus, it does not appear that the Guidelines constitute an "enactment of Congress" as used in the ACA.

Also, when state law is assimilated under the ACA, the range of punishment is fixed by the state law, but the Sentencing Guidelines apply in determining the actual sentence to be imposed within that range. *See United States v. Ruiz,* 2024 WL 3718046, *2 (10th Cir.2024). The defendant in *Ruiz* pled guilty to the same state-law criminal violation as in the case at bar, 21 O.S. §540A(B). The Tenth Circuit raised no issue that the Sentencing Guidelines precluded the assimilation of state offenses.[*]

In reply, defendant notes that the second paragraph of §1152 states in pertinent part: "This section shall not extend to offenses committed by one Indian against the person or property of another Indian[.]" Therefore, he argues, Count Four fails in failing to allege that anyone who might have been endangered is a non-Indian. The undersigned subscribes to the reasoning in *United States v. Kirby,* 2023 WL 3956816 (E.D.Okla.2023). The charged crime

---

[*]The government states that in *Ruiz* the Tenth Circuit <u>held</u> that the offense was appropriately assimilated. (#46 at 5). As defendant notes, the Tenth Circuit expressly stated that "Mr. Ruiz does not assert that the Oklahoma state crime for which he was prosecuted . . .was improperly assimilated under the ACA." *Id,*

under Oklahoma law is more akin to a traffic violation, i.e., a "victimless crime" or "crime against the public at large." *Id.* at *3. The crime involves conduct, driving "*in such manner as to endanger any other person.*" 21 O.S. §540A(B) (emphasis added). To obtain conviction, the government need not allege or prove that another specific bystander, for instance, was actually endangered.

It is the order of the court that the motion of defendant dismiss Count Four (#40) is hereby denied.

**ORDERED THIS 18th DAY OF MARCH, 2025.**

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**